UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CLAUDE COX AKA CANDY LEE SUMMERS**                                          **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 5:15CV-P207-TBR**

**DR. SHASTINE TANGILAG**                                                        **DEFENDANT**

### MEMORANDUM AND ORDER

This matter is before the Court on two pending motions to dismiss by Defendant Dr. Shastine Tangilag (DNs 16 and 25). Plaintiff filed this *pro se* action on the Court's 42 U.S.C. § 1983 form. He alleges that he is "having some real serious medical problems with bleeding from my penis and it is getting worse[.]" He also states that he is "bleeding from his behind[.]" He states that Defendant has refused to allow him to see an outside doctor or to put him in the prison hospital. He states that he fears for his safety and his life "because I feel that I am losing to much blood and that this doctor will let me lay in a cell in the whole and I fear that she will let me bleed to death."

### I.

Upon initial screening of the complaint, the Court allowed the complaint to proceed for further development and entered a Scheduling Order directing the parties to complete all pretrial discovery and to file a certification that discovery is complete no later than March 14, 2016, and directing Plaintiff to file a pretrial memorandum no later than April 13, 2016 (DN 8). Upon review of the docket, Plaintiff failed to file a certification or a pretrial memorandum in compliance with the Scheduling Order.

Defendant filed a motion to dismiss on grounds that Plaintiff failed to allege sufficient facts in the complaint to survive dismissal under Fed. R. Civ. P. 12(b)(6) (DN 16). Defendant

argues, "Specifically, Plaintiff omitted any reference as to when or how he sought treatment that was not provided by Dr. Tangilag." Defendant also argues that Plaintiff failed to allege with specificity when the alleged events took place. Consequently, Defendant argues, the Court cannot determine whether this action is barred by the statute of limitations.

Plaintiff having failed to file a response, on January 15, 2016, the Court entered an Order directing Plaintiff to file a response to the motion to dismiss within 30 days (DN 17). Plaintiff did not file a response.

Defendant next filed a motion to file a supplemental memorandum of law in support of the motion to dismiss (DN 18), which the Court granted (DN 19). In the supplemental memorandum (DN 20), Defendant argues that Plaintiff has brought two previous suits in this Court in 2012 and 2013 complaining of rectal bleeding and that this action is barred by the doctrine of issue preclusion.

Subsequently, Plaintiff filed a document captioned as a "motion for discovery" wherein Plaintiff requests the Court to "order the named defendant to make and send me all copy's of my discovery that I am entitled to that is deal with this case sir and I also am asking for copie's of all my medical record's that is dealing with this civil rights case" (DN 22). However, Plaintiff never filed a response to either the motion to dismiss or the supplemental memorandum in support of the motion to dismiss.

Defendant next filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), for want of prosecution, or in the alternative for judgment as a matter of law (DN 25). Defendant incorporates her arguments in her prior motion to dismiss. She also argues that she is entitled to dismissal under Fed. R. Civ. P. 41(b) because Plaintiff has abandoned this action and, in the alternative, that she is entitled to summary judgment because Plaintiff has

2

failed to establish a deliberate-indifference claim and failed to exhaust his administrative remedies before filing this suit. Once again, Plaintiff failed to file a response to Defendant's dispositive motion.

## II.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Under Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

A review of the docket sheet shows that Plaintiff has failed to respond to two dispositive motions filed by Defendant and failed to comply with the Court's Order directing him to respond to Defendant's first motion to dismiss. In addition, Plaintiff failed to comply with this Court's Scheduling Order by his failure to file a certification that discovery is complete or to file a pretrial memorandum. Therefore, the Court concludes that Plaintiff has shown a pattern of delay

3

and failure to pursue his case and that this matter is subject to dismissal under Fed. R. Civ. P. 41(b).

Before dismissing the action, however, the Court will afford Plaintiff one final opportunity to show cause why this action should not be dismissed. Accordingly,

**IT IS HEREBY ORDERED that within <u>30 days</u> of the entry date of this Memorandum and Order Plaintiff must show cause in writing why this action must not be dismissed for his failure to prosecute**. In addition, **Plaintiff must file a response** to Defendant's motion to dismiss (DN 16), supplemental memorandum in support of her motion to dismiss (DN 20), and motion to dismiss for failure to state a claim and for lack of prosecution and, in the alternative, for summary judgment (DN 25). In response to the motion to dismiss, **Plaintiff must provide the specific dates of the denial of medical care alleged in the complaint and more specifically describe how he requested the denied medical treatment.**

Defendant may file a reply in support of the dispositive motions within <u>21 days</u> of Plaintiff's response.

**<u>Plaintiff is WARNED that his failure to fully comply with this Order in all respects within 30 days will result in dismissal of this action for failure to prosecute</u>**.

Date:


cc:   Plaintiff, *pro se*
      Counsel of record
4413.010