UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CLAUDE COX AKA CANDY LEE SUMMERS**                         **PLAINTIFF**

v.                        **CIVIL ACTION NO. 5:15CV-P207-TBR**

**DR. SHASTINE TANGILAG**                                         **DEFENDANT**

### MEMORANDUM OPINION

By Memorandum and Order entered June 17, 2016 (DN 27), the Court found that Plaintiff had shown a pattern of delay and a failure to pursue his case and that the matter was subject to dismissal under Fed. R. Civ. P. 41(b). On that basis, the Court ordered Plaintiff to show cause in writing why this action must not be dismissed for his failure to prosecute within 30 days. The Court also ordered Plaintiff to file a response to Defendant's motion to dismiss (DN 16), supplemental memorandum in support of her motion to dismiss (DN 20), and motion to dismiss for failure to state a claim and for lack of prosecution and, in the alternative, for summary judgment (DN 25). The Court warned Plaintiff that "his failure to fully comply with this Order in all respects within 30 days will result in dismissal of this action for failure to prosecute." (Emphasis omitted.)

More than 30 days have passed, and Plaintiff has not responded to the Court's show-cause order or complied with the Memorandum and Order in any other respect.

As the Court stated in its prior Memorandum and Order, upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Under Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's repeated failures to participate in this litigation and his failure to comply with the Court's Memorandum and Order warrant dismissal under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4413.010